UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| THE STOCKER CONSTRUCTION COMPANY, | ) | Case No. 09-46744-705 |
| | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| FORTUNE BANK, | ) | **Adversary No. 09-4163-659** |
| | ) | |
| | ) | **PUBLISHED** |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| THE STOCKER CONSTRUCTION COMPANY, ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

The matter before the court is Motion of FortuneBank for Abstention and Nabholz Construction Corporation's Response to FortuneBank's Motion for Abstention. A hearing was held on November 16, 2009, at which FortuneBank appeared by counsel, Nabholz Construction Corporation appeared by counsel, Trustee for Debtor The Stocker Construction Company appeared by counsel, and Steven and Jennifer Beck appeared by counsel. There was oral argument and then the matter was taken as submitted. Upon consideration of the arguments presented and the record as a whole, the Court makes the following FINDINGS OF FACT:

The Stocker Construction Company (hereinafter "Debtor") is a Missouri construction company owned by Steven and Jennifer Beck (hereinafter "the Becks"). On July 15, 2009, Nabholz Construction Company together with three other petitioning creditors filed an involuntary Chapter 7 bankruptcy petition against Debtor and the Court entered an order for relief in Debtor's case on August 18, 2009.

FortuneBank (hereinafter "Movant") is a Missouri state chartered bank based in Jefferson

County, Missouri. Nabholz Construction Company (hereinafter "Respondent") is an Arkansas corporation. Respondent entered into a construction contract with AT&T[1] in 2002 (hereinafter "AT&T Contract"). Since 2002, Debtor has provided construction services for Respondent as a subcontractor pursuant to the AT&T Contract. A separate contract concerning Respondent and Debtor's business relationship was created which incorporated by reference the terms of the AT&T Contract (hereinafter the "Respondent/Debtor Contract").

In May 2006, Movant provided a line of credit in the principal amount of $3,200,000.00 (hereinafter "Large Line of Credit") to Debtor, the Becks and Stocker Homes, Inc., a separate entity owned by the Becks. On or about May 17, 2007, Steven Beck notified Movant that there were accounting errors in Debtor's financial statements and that the reported profit was in actuality a substantial loss. On or about May 18, 2007, Movant froze the Large Line of Credit, which created logistical problems for Debtor to perform under the Respondent/Debtor Contract. On or about June 8, 2007, Respondent pledged an irrevocable standby letter of credit as security for the Large Line of Credit. As a result of this security, Movant un-froze the Large Line of Credit. Respondent pledged a second irrevocable standby letter of credit on August 22, 2008. On August 28, 2008, Movant agreed to extend a second line of credit in the principal amount of $855,000.00 to Debtor and the Becks.

By Spring 2009, Debtor was unable to pay its subcontractors for work performed. Debtor's subcontractors threatened to file mechanic's liens on AT&T's properties. As allegedly permitted under the Respondent/Debtor Contract, Respondent paid Debtor's subcontractors directly, thereby avoiding the potential for mechanic's liens. Respondent also advanced funds to Debtor which were earmarked for payroll. In May 2009, Respondent terminated the Respondent/Debtor Contract with Debtor.

---

[1] AT&T was then known as Southwestern Bell.

On May 26, 2009, Movant filed a complaint against Respondent, Debtor and the Becks in State Court in Jefferson County, Missouri (hereinafter "State Court Action"). Counts 13 through 22 of the State Court Action only involve Movant and Respondent. Movant claims to be a third-party-beneficiary under the Respondent/Debtor Contract in Count 13. Count 21 pertains to priority of liens against Debtor's assets. A hearing was held in State Court on June 10, 2009, after which the State Court entered a Temporary Restraining Order prohibiting payment by Respondent to Debtor's subcontractors. The State Court set a hearing on the preliminary injunction for June 24, 2009. On June 24, 2009, the State Court heard testimony from one witness and continued the hearing until June 30, 2009. On June 30, 2009, a consent order was entered permitting Respondent to pay Debtor's subcontractors so long as Respondent posted a bond to cover all payments made. Respondent has objected to venue in the State Court Action which the State Court has not yet heard or ruled on. The State Court Action was set for trial with a peremptory setting on February 1, 2010 [sic]. The State Court Action was removed to this Bankruptcy Court on August 19, 2009. Movant filed its Motion for Abstention on October 15, 2009.

Movant argues that pursuant to 28 U.S.C. § 1334(c)(2), the Bankruptcy Court must abstain from hearing the State Court Action. Pursuant to the requirements of Section 1332(c)(2), Movant submits that the claims in the State Court Action are all based on Missouri state law, the State Court has jurisdiction, the State Court has already invested considerable time in adjudicating the matter and that bankruptcy law provides the only basis for federal jurisdiction. Further, Movant argues if the case is remanded, the peremptory trial date of February 1, 2010 would still be available, and could provide for expeditious disposition of the matter. Movant further contends that while geographic diversity exists as to Counts 13 through 22, federal diversity jurisdiction cannot be based on a count-by-count analysis, rather, the entire complaint must be considered on a whole. Therefore, complete diversity does not exist, and as such, the requirements of mandatory abstention under Section 1334(c)(2) are met.

In the alternate, Movant argues that the Court should exercise discretionary abstention as permitted under 28 U.S.C. § 1334(c)(1) because to do so is in the interest of justice, in the interest of judicial economy and the Court's abstention will have little impact on the administration of Debtor's bankruptcy estate. Further, Movant's argument for abstention contemplates indicia of forum shopping on the part of Respondent and suggests that Respondent should not reap any benefit from this tactic. During the hearing, counsel for the Becks stated their support of Movant's Motion for Abstention.

Respondent argues abstention is not mandatory in this case. Respondent first argues that because diversity jurisdiction exists as to Counts 13 through 22, there is an alternative basis for federal jurisdiction and therefore, the requirements of Section 1334(c)(2) cannot be met. Second, mandatory abstention can only apply to non-core bankruptcy matters. Count 13, wherein Movant alleges to be a third-party-beneficiary of the Respondent/Debtor Contract, is a core bankruptcy matter. Count 21 which concerns priority of the parties' respective liens and claims against Debtor's assets is also a core bankruptcy matter and therefore, mandatory abstention cannot apply.

Respondent also argues that permissive abstention is not appropriate because to date, minimal State judicial assets have been expended on the State Court Action. Respondent posits that while the State Court Action is based on Missouri law, the Federal Courts are apt to handle the matters presented. Further, during the hearing, counsel for Trustee took exception to any lien or priority issue being decided by the State Court. Finally, Respondent denies any contention of forum shopping, and asserts that Respondent merely asserted its rights to file the involuntary petition under 11 U.S.C. §303(b)(1) of the Bankruptcy Code. Respondent request that Movant's Motion for Abstention be denied.

**JURISDICTION**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O) (2009). Venue is proper in this District under 28 U.S.C. § 1408 and 1409(a) (2009).

**CONCLUSIONS OF LAW**

28 U.S.C. § 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (2009).

Movant argues that all the requirements of Section 1334(c)(2) are met. Respondent argues that federal diversity jurisdiction exists with respect to Counts 13 through 22, therefore there is an alternative basis for federal jurisdiction, thus, the requirements of Section 1334(c)(2) are not met.

In a cause of action, complete diversity must exist as to each count where the basis for federal jurisdiction is diversity. See 28 U.S.C. § 1332(a); See also *Dryden v. Dryden*, 265 F.2d 870 (8th Cir. 1959). It is proper for a court to dismiss individual counts of a complaint for want of diversity where the basis of federal jurisdiction is diversity. *Dryden*, 265 F.2d 870. There is no dispute that the $75,000.00 amount in controversy requirement is met in this case. Therefore, federal jurisdiction exists as to the Counts where complete diversity exists. There is complete diversity as to Counts 13 through 22 and as such, federal diversity jurisdiction exists as to those

...

xxx

Counts. As there is an alternative basis for federal jurisdiction, mandatory abstention requirement of Section 1334(c)(2) cannot be met.

Further, Count 13 concerns Movant's claim as a third-party-beneficiary to the Respondent/Debtor Contract and Count 21 concerns priority of liens against Debtor's assets, both of which are core bankruptcy matters. See 28 U.S.C. § 157(b)(2)(A) and (K) (2009). Mandatory abstention does not apply to core bankruptcy proceedings. *In re Williams*, 256 B.R. 885 (B.A.P. 8th Cir. 2001); *In re Refco, Inc.* 354 B.R. 515, 521 (B.A.P. 8th Cir. 2006). For the foregoing reasons, mandatory abstention does not apply in this case.

Permissive abstention arises under 28 U.S.C. § 1334(c)(1) where it states in pertinent part that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1) (2009). Courts consider the following in determining whether to exercise permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficult or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted 'core' proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden [on] the bankruptcy court's docket;

>(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;
>(11) the existence of a right to a jury trial; and
>(12) the presence in the proceeding of nondebtor parties.

*Williams*, 256 B.R. at 894.

Resolution of Movant's claims in the State Court Action will undoubtedly affect the efficient administration of Debtor's estate. While true that the underlying claims are based upon state law, fraud, fraudulent misrepresentation and tort have been extensively litigated in Missouri and the Court is confident in the ability of any Federal Court to efficiently navigate the pertinent law. The Court recognizes that some State judicial resources have been expended on the matter, however, the Court also notes that, as previously discussed, diversity jurisdiction exists for Counts 13 through 22, therefore the relevant allegations could have been made in Federal Court.

Though Counts 13 through 22 do not directly involve Debtor, the subject matter of these Counts are indeed related and inextricably intertwined with Debtor's estate. Further, Movant's claims as third-party-beneficiary to the Respondent/Debtor Contract in Count 13 and the priority dispute encompassed in Count 21 are core bankruptcy matters; and the Court duly notes Trustee's exception to the remand of any lien or priority determination. It is neither feasible to sever these two Counts from the remaining Counts nor is it efficient to allow judgment to be entered in the State Court, leaving enforcement to the Federal Court. Adjudication of this matter in this Court would not be a burden on this Court's docket. Further, the Court does not find that Respondent engaged in forum shopping beyond that which is ordinarily implicated in making strategic decisions on behalf of one's client. Finally, the Federal Court is apt to provide a jury trial should the parties so elect.

In sum, in the interest of justice and the efficient administration of Debtor's estate, this Court will not abstain from hearing this matter. Therefore,

**IT IS ORDERED THAT** the Motion of FortuneBank for Abstention is DENIED.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  December 11, 2009
St. Louis, Missouri


Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Spencer P. Desai
Capes, Sokol, Goodman and Sarachan, P.C.
Pierre Laclede Center
7701 Forsyth Boulevard, 12th Floor
St. Louis, MO 63105

David A. Warfield
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

S. Todd Hanby
Capes, Sokol, Goodman & Sarachan, P.C.
7701 Forsyth Blvd, 4th Fl.
Clayon, MO 63105-1818

Nick B. Schopp
Aegis Professional Services
#2 North Meramec
Clayton, MO 63105

Michael A. Clithero
Blackwell, Sanders et al.
720 Olive St., Ste. 2400
St. Louis, MO 63101